Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 8-2-24 for mailing. /R/
Initials

# UNITED STATES CIRCUIT COURT OF APPEALS
## ELEVENTH CIRCUIT



U.S. COURT OF APPEALS
RECEIVED
CLERK
AUG 0 7 2024
ATLANTA, GA

WINSTON CALDER,

    Appellant,

vs.                                                       CASE NO: 24-10309-G

RICKY DIXON, SECRETARY DOC,

    Appellee.

_____/

## APPEAL FROM THE UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF FLORIDA

---

### APPELLANT'S OPENING BRIEF

---

/S/ /s/ W.D. Calder
Winston Calder
BLACKWATER RIVER C.F.
5914 JEFF ATES ROAD
MILTON, FL 32583

1

## Table of Contents

Page

Certificate of Interested Persons and Corporate Disclosure Statement................C-1

Table of Contents..................................................................................................2

Table of Citations.................................................................................................3

Jurisdictional Statement......................................................................................4

Statement of the Case..........................................................................................5

Summary of the Argument..................................................................................6

Argument.............................................................................................................7

Conclusion .........................................................................................................11

Certificate Of Compliance [if required by FRAP 32(g)].................................12

Certificate Of Service [if required by FRAP 25(d)]........................................12

## Table of Citations

### Cases

*Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) .............. 8

*Calder v. State*, 133 So. 3d 1025, 1033 (Fla. 4th DCA 2014).............................5,10

*Carlisi v. State*, 831 So. 2d 813, 815 (Fla. 4th DCA 2002).................................9

*Guess v. State*, 579 So. 2d 339, 341 (Fla. 1st DCA 1991).................................10

*Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) ... 8

*McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005)............................... 7

*Nowlin v. State*, 346 so.2d 1020, 1024 (1977) .............................................10

*Winston v. Sellers*, 138 S. Ct. 1188, 1192 (2018) ......................................... 7

### Statutes

Title 28 USC 1295 .................................................................................. 4

28 U.S.C.S. 2254(e)(1)............................................................................7

Title 28 USC 1292(c) .............................................................................. 4

Title 28 USC §2254 ............................................................................ 4, 5

Title 28 USC 1291 ................................................................................. 4

### Constitutional Provisions

6th Amendments.................................................................................. 8

Jurisdictional Statement:

(1) The US Southern District had jurisdiction to hear Calder's habeas corpus challenging a state court conviction based on the constitutionality of his detention under Title 28 USC §2254.

(2) This Court has jurisdiction to hear appeals from final decisions of the US District Courts. The US. Southern District issued a final order and Calder timely filed his notice of appeal.

> **Title 28 USC 1291.  Final decisions of district courts:**
> The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title [28 USCS 1292(c) and (d) and 1295].

(3) This Court accepted the filing of Calder's Certificate of Appealability and order Calder to file his brief on Ground 2. This Court found that Calder could proceed in forma pauperus; and

(4) This is an appeal from a final order that disposed of all claims in the District Court.

## STATEMENT OF THE CASE

Calder was charged in Florida's Seventeenth Judicial Circuit in and for Broward County by Information with First Degree Murder. In February 2015, Calder was found guilty by a jury of his peers and sentenced to Life in prison.

The Fourth District Court of Appeal reversed Calder's conviction on ground two of his postconviction relief motion, where a pre-trial motion to suppress Calder's January 21, 2008 statement should have been granted. See *Calder v. State*, 133 So. 3d 1025, 1033 (Fla. 4th DCA 2014).

But on the Appellant's new trial, the prosecutor used the suppressed statements during cross-examination of Calder, and during closing arguments.

On March 16, 2017, the Fourth District Court of Appeal per curiam affirmed the lower tribunal decision.

Calder then filed his 28 USC 2254 petition for writ of habeas corpus in the Southern District of Florida. The District Court denied the petition. Calder filed his notice of appeal and filed a written argument for a Certificate of Appealability. This Court granted the COA and ordered Calder to file his Brief on ground two only.

## SUMMARY OF THE ARGUMENT

**GROUND TWO**

Calder argues in Ground Two that the district court erred in its reliance on the state court's determination of facts. Since the state court's determination of facts was unreasonable in application to the claim, then the decision to deny relief was likewise unreasonable where there was evidence presented at trial to support that Calder did in fact not give a confession voluntarily. More importantly, Calder's claim rests on the fact that trial counsel failed to request a hearing to contest the confession. An evidentiary hearing is necessary for the resolution of this claim.

## ARGUMENT

## GROUND TWO

**Trial counsel failed to request a hearing on the voluntariness of Calder's confession.**

II. STANDARD OF REVIEW

"We review *de novo* a district court's grant or denial of a habeas corpus petition." *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). "An ineffective assistance of counsel claim is a mixed question of law and fact subject to *de novo* review." *Id.* In *Winston v. Sellers*, 138 S. Ct. 1188, 1192 (2018) the Supreme court held that the federal court should "look through" the unexplained decisions to the last related state-court decision that provides a relevant rationale. Calder looks to the state postconviction court's decision as the decision being factually challenged.

A state court's fact finding is presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C.S. 2254(e)(1). Calder can show by clear and convincing evidence that the state court's factual determinations were unreasonable as applied to the claim and adversely affected the ruling both by the state court and the through the district court's acceptance of the factual determinations of the state court.

A state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011). Even if the federal court concludes that the state court applied federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002).

The issue in this ground stems from the fact that Calder was coerce into giving an involuntary confession to the events that actually transpired. There was a language barrier for Calder considering he is Jamaican. Calder speaks and comprehends English in a limited capacity.

Here, Calder will demonstrate that the same "facts" used in denying relief actually support the need for relief and that the state court's determination of facts as applied to federal law was objectively unreasonable, as was the district court's agreement with the state court decision. Trial counsel was deficient for failing to request a hearing on the confession of Calder being given voluntarily.

The Fourth DCA ruled that the motion to suppress Calder's statements should have been granted.

However, at Calder 's new trial, the prosecutor used the suppressed statements during cross-examination of the Appellant, and during closing arguments. During cross-examination, the prosecutor used the statements to "impeach" the Appellant on answers she believed were inconsistent. In her closing argument, the prosecutor used the suppressed statements to convince the jury of the Appellant's guilt.

At no time prior to the prosecution using the January 21, 2008 statement against the Appellant, did trial counsel request a hearing, outside the presence of the jury, on issue of the voluntariness of the Appellant's January 21, 2008 statements. Trial counsel's failure to do so was prejudicial to the Appellant's self-defense strategy, especially when the prosecutor argued to the jury during closing arguments, that the Appellant's January 21, 2008 statements were substantive evidence of guilt, and showed premeditation.

In *Bell v. State*, 201 So. 3d 1267 (Fla. 2nd DCA 2016), the Court held that "statements obtained in violation of Miranda may be used for impeachment purposes. But before a suppressed statement can be used for impeachment purposes, the statement must be shown to have been made voluntarily."

The Bell court relied on *Carlisi v. State*, 831 So. 2d 813, 815 (Fla. 4th DCA 2002), where the Fourth District held that:

> "Whenever the State, in order to impeach a Defendant's credibility, chooses to present evidence of a Defendant's incriminating statements which are inconsistent with trial testimony of the Defendant, and which are inadmissible in the case-in-chief because of the failure of custodial officer's to give Miranda warnings, the statement must be shown to be voluntary before they may be admitted. Id. In order to determine voluntariness, the Court must allow the Defendant to testify on the issue. See *Guess v. State*, 579 So. 2d 339, 341 (Fla. 1st DCA 1991). Failure to allow the Defendant to testify will mandate reversal and such failure will not be subject to a harmless error analysis." Id. See also *Nowlin v. State*, 346 so.2d 1020, 1024 (1977).

Defense counsel knew, or should have known that the Appellant's January 21, 2008 statement was not voluntary. A simple reading of the Fourth District's opinion in *Calder v. State*, 133 So. 3d 1025, 1033 (Fla. 4th DCA 2014), would have revealed to counsel that the statement was not voluntary. The Fourth District concluded as follows:

> "...Here, the totality of the circumstances shows that Calder's reinitiation of the interrogation and wavier of his preciously invoked right to counsel were not voluntary, but instead, the product of improper police conduct. Based on the foregoing, we find that the trial court erred in denying Calder's motion to suppress his confession. Because we cannot consider this error to be harmless, we reverse for a new trial."

Defense counsel had a duty to familiarize herself with the applicable law regarding the Appellant's January 21, 2008 suppressed statement, and as to under what condition was the prosecutor allowed the use the statement against the

Appellant. And as aforementioned, the law prohibits the State from using the suppressed statement for impeachment purposes, unless the issue as to the voluntariness of the statement has been litigated, and the Appellant has been allowed the opportunity to testify on the issue of voluntariness.

The Appellant was not given this opportunity, and thus, defense counsel was ineffective for not requesting a hearing on the issue of the voluntariness of the Appellant's statement.

The Appellant contends that he has shown a substantial denial of a constitutional right, therefore, he asks this Court to grant him any and all relief afforded to him.

## **CONCLUSION**

**WHEREFORE** Appellant moves this Court to reverse the decision of the District Court and remand the case back allowing the District Court to hold an evidentiary hearing.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this brief complies with Rule 32 and that this brief is 1877 words, not including this Certificate of Compliance.

/s/ *[signature]*
Winston Calder
DC# B10121
Blackwater River Corr. Rehab Facility
5914 Jeff Ates Road
Milton, Florida 32583

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document has been placed into the hands of prison officials at Blackwater River Correctional Facility for pre-paid First Class U.S. mailing to: Clerk of Court, 56 Forsyth Street, NW, Atlanta, Georgia 30303;

On this __2__ day of August, 2024.

/s/ *[signature]*
Winston Calder
DC# B10121
Blackwater River Corr. Rehab Facility
5914 Jeff Ates Road
Milton, Florida 32583

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 8-2-24 for mailing. [initials]

U.S. RECEIVED CLERK
AUG 07 2024
ATLANTA, GA

# U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

Winston Calder vs. Sec., Florida Dept of Corrections Appeal No. 24-10309-B

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. *(Please type or print legibly)*:

Ashely Moody - State Attorney
Michael Byfield - Friend of Patrick Johnson
Micheal Green - Brother to Victim
Patrick Johnson - Friend of Defendant
Phillis Cook - Attorney of Defendant
Ricky D. Dixon - Sec. of Department of Corrections
Roy K. Altman - United States District Judge
Georgia Lee - Victim
ILONA M. HOLMES - Circuit Judge
Detective Session - Lauderhill Police Department
Shari Tate, Esquire Assistant State Attorney

Submitted by:
Signature: W. P. Calder
Name: Winston Calder    Prisoner # (if applicable): 610121
Address: _____
Telephone #: _____

Rev.: 2/23

Winston Calder DC #B10121
Blackwater River Corr. Facility
5914 Jeff Ates Road.
Milton, Florida 32583

Clerk of Court
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

CLEARED SECURITY

AUG 07 2024

U.S MARSHALS SERVICE
11th Circuit Court of Appeals (COA)

THIS MAIL ORIGINATED FROM A CORRECTIONAL FACILITY